IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACKIE JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-24-1393 |
| SOUTHERN GLAZERS OF MD LLC, | * | |
| Defendant. | * | |

\*\*\*

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Southern Glazers of MD LLC's ("SGWS")[1] Motion to Dismiss (ECF No. 6). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant SGWS' Motion.

## I.     BACKGROUND[2]

**A.     Factual Background**

Self-represented Plaintiff Jackie Jackson was hired as a truck driver by SGWS "around June 2021." (EEOC Charge of Discrimination ["EEOC Charge"] at 1, ECF No. 1-

---

[1] Defendant notes that "Jackson incorrectly identified 'Southern Glazers of MD LLC' as the named Defendant in this matter. The correct name of this entity is 'Southern Glazer's Wine and Spirits of Maryland, LLC.'" (Def.'s Mem. Supp. Mot. Dismiss ["Mot."] at 1 n.1, ECF No. 6-1). The Clerk will be directed to change the Defendant's name consistent with this correction on the docket.

[2] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1).[3] On or around December 22, 2023, Jackson fell and "injured [him]self" after being "instructed to walk up unsafe stairs." (Id.) Jackson alleged that when he spoke to his supervisor about his injury, his supervisor "never ask[ed] [him] for medical att[ention];" instead, he "hung up the phone." (Compl. at 6, ECF No. 1). Later that same day Jackson was let go from his job. (Id.). Jackson alleged that the reason he was let go was because he "texted another driver, thanking him for assistance with [his] injury," which "made the company look bad." (EEOC Charge at 1).

B.   **Procedural History**

On April 17, 2024, Jackson filed a charge with the Equal Employment Opportunity Commission ("EEOC") against SGWS. (EEOC Charge at 1). Jackson instituted this action on May 13, 2024, alleging SGWS engaged in three forms of discriminatory conduct: (1) termination of employment based on his disability; (2) failure to accommodate his disability; and (3) retaliation in violation of the Americans with Disabilities Act ("ADA"),

---

[3] Ordinarily, a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). However, a Court will consider a document attached to the complaint if it was "integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." Id. (citing Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc., 367 F.3d 212, 234 (4th Cir. 2004)). A court may consider the documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md. 2001); accord New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994). Here, there is no dispute that documents relating to the administrative record are integral to his case and authentic. See White v. Mortg. Dynamics, Inc., 528 F.Supp.2d 576, 579 (D.Md. 2007) (finding that documents from the administrative record were integral to plaintiff's complaint). Accordingly, the Court will consider Jackson's EEOC Charge of Discrimination in its analysis.

42 U.S.C. §§ 12112(a), 12203(a). (Compl. at 5). He appears to seek monetary relief. (Compl. at 7). On July 1, 2024, SGWS filed this instant Motion to Dismiss. (ECF No. 6). Jackson filed his Opposition on August 19, 2024. (ECF No. 21). To date, SGWS has not filed a Reply.

## II.  DISCUSSION

### A.  Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to "'forecast' evidence sufficient to prove the elements of the claim," "the complaint must allege sufficient facts to establish [each] element." Goss v. Bank of Am.,

N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe these complaints. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events. See United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979). Nor does the court need to accept or "legal conclusion[s] couched as [ ] factual allegation[s]." Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. at 94 (quoting Estelle, 429 U.S. at 106); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But "even a pro se complaint must be dismissed if it does not allege 'a plausible claim for relief.'" Forquer v. Schlee, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (quoting Iqbal, 556 U.S. at 679). "While pro se complaints may represent the work of an untutored hand requiring

special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs. for the City of Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)) (internal quotation marks omitted).

**B.     Analysis**

Jackson brings three ADA-based claims: (1) termination of employment based on disability; (2) failure to accommodate his disability; and (3) retaliation. (Compl. at 4−5; EEOC Charge at 2). SGWS asserts that Jackson's disability discrimination claims must be dismissed because: (1) SGWS did not employ Jackson; (2) Jackson fails to establish that he is a qualified person with a disability; (3) Jackson fails to state a claim for failure to accommodate; and (4) Jackson fails to establish a claim for retaliation. (Def.'s Mem. Supp. Mot. Dismiss ["Mot."] at 4–6, 9, ECF No. 6-1). At bottom, the Court agrees with SGWS and will dismiss Jackson's ADA claims. [4]

**1.     SGWS as Jackson's Employer**

As a threshold matter, SGWS argues that Jackson "fail[s] to state a claim for relief because SGWS was not his employer." (Mot. at 4). SGWS explains that Jackson "identifies SGWS as the named defendant" in the Complaint, and then later lists "Centerling Trucking (sic)" as his place of employment. (Compl. at 2–3; Mot. at 5). In his Opposition, Jackson

---

[4] As noted in Jackson's EEOC Charge and clarified in Jackson's Opposition (ECF Nos. 1-1, 21), Jackson frames his claims as claims for disability discrimination under the ADA, not age discrimination under the ADEA. Accordingly, the Court finds no need to consider the ADEA framework in its analysis, as raised by SGWS. (Mot. at 2).

maintains that he was "a dedicated employee at Southern Glazerier (sic), working as a driver, wearing their uniforms, walking in their warehouse, and driving their trucks." (Opp'n at 1). Due to Jackson's self-represented status, and the Court's obligation to "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences from those facts in favor of the plaintiff," the Court will presume SGWS is the employer. Retfalvi v. United States, 930 F.3d 600, 605 (4th Cir. 2019) (cleaned up); see Spencer v. Earley, 278 F.App'x 254, 259–60 (4th Cir. 2008) ("Dismissal of a pro se complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)).

### 2.   ADA Discrimination Claim

Jackson appears to allege that SGWS terminated his employment based on his disability. (See Compl. at 6; EEOC Charge at 1). The ADA makes it unlawful for employers to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "To state a claim for disability discrimination, a complaint must allege that: (1) the plaintiff was disabled, (2) he was a qualified individual, and (3) 'he suffered an adverse employment action based on his disability.'" Leggo v. M.C. Dean, Inc., No. 122CV374LMBIDD, 2023 WL 1822383, at *4 (E.D.Va. Feb. 7, 2023), aff'd, No. 23-1211, 2023 WL 4700998 (4th Cir. July 24, 2023) (quoting Hice v. Mazzella Lifting Techs., 589 F.Supp.3d 539, 547 (E.D.Va. 2022)).

6

The ADA defines disability as: (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

Here, Jackson's Complaint lacks the necessary detail to state a claim for relief. Specifically, Jackson does not allege the type of disability from which he suffers. (See EEOC Charge at 2; Compl. at 5). Jackson does not describe the nature nor extent of the injury he sustained when he fell after walking up the stairs. (See id. at 1). Other than making conclusory allegations that SGWS "discriminated against [him] due to [his] disability" after he "was instructed to walk up unsafe stairs, which resulted in [him] falling and injuring [him]self," Jackson has failed to allege any facts from which the Court may infer disability. (EEOC Charge at 1–2). Because Jackson fails to allege any facts whatsoever to indicate that he has a physical or mental impairment that limits a major life activity, that there is a record of any such impairment, or that SGWS regarded him as being disabled, he fails to allege a disability under the ADA. (Id.); see Quarles v. Md. Dep't of Hum. Res., No. MJG-13-3553, 2014 WL 6941336, at *4 (D.Md. Dec. 5, 2014) (dismissing plaintiff's ADA claim where the complaint "lacks specific factual allegations regarding the type of diabetes from which [the plaintiff] suffers, the degree to which the diabetes limits her movement, or how her diabetes otherwise affects her life"); Eubanks v. Mercy Med. Ctr., Inc., No. WDQ-15-513, 2015 WL 9255326, at *5 (D.Md. Dec. 17, 2015) (noting that "[c]ourts in the Fourth Circuit have held that allegations are insufficient to support a claim under the ADA when they contain no facts showing that the impairment substantially

7

limited a major life activity"). Accordingly, Jackson fails to state a claim for termination of employment based on disability, and this claim will be dismissed.

### 3. Failure to Accommodate Claim

Liberally construing the Complaint, Jackson appears to allege that his supervisor's failure to provide him with medical attention after a work injury constitutes a failure to provide accommodations in violation of the ADA. (See Compl. at 6; Opp'n at 1). But this claim must also be dismissed for the reasons discussed above.

To plead failure to accommodate, a plaintiff must show:

> (1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position ...; and (4) that the [employer] refused to make such accommodations.

Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (quoting Rhoads v. Fed. Deposit Ins. Corp., 257 F.3d 373, 387 n. 11 (4th Cir. 2001)).

SGWS argues that Jackson fails to establish the first element because he does not plead any facts to show that "he suffered from a specific disability." (Mot. at 7). Further, SGWS contends that Jackson did not allege that they had notice of his disability and aside from "checking the box" that he was denied an accommodation, Jackson fails to allege any facts to show that SGWS denied his request to accommodate a disability. (See id.). The Court agrees with SGWS as to the first element and finds that Jackson fails to establish that he was an individual with a disability under the ADA. Thus, Jackson's failure to accommodate claim will also be dismissed.

4.   **Retaliation Claim[5]**

Jackson's Complaint and the EEOC Charge of Discrimination suggest two different bases for his retaliation claim. First, Jackson appears to allege that he was terminated in retaliation for contacting his supervisor about a work-related injury. (Compl. at 6). Second, in his EEOC Charge, Jackson maintains that he was terminated by SGWS in retaliation for "text[ing] another driver, thanking him for assistance with [his] injury." (EEOC Charge at 1). As discussed more fully below, neither ground is sufficient to establish a prima facie case of retaliation.

The ADA's retaliation provision provides, in relevant part, that "[n]o person shall discriminate against any individual because such individual . . . made a charge . . . under this Chapter." 42 U.S.C. § 12203(a). To establish a retaliation claim under the ADA, the plaintiff must prove that: (1) he engaged in protected conduct; (2) he suffered an adverse action; and (3) a causal link exists between the protected conduct and the adverse action. Schmidt v. Town of Cheverly, 212 F.Supp.3d 573, 580 (D.Md. 2016) (quoting Reynolds v. Am. Nat. Red Cross, 701 F.3d 143, 154 (4th Cir. 2012)).

Courts have held that protected activities include making requests for reasonable accommodations and engaging in oppositional conduct such as filing an EEOC complaint against an employer or "voicing one's opinions in order to bring attention to an employer's discriminatory" practices. Moss v. Saja Rest. Grp. LLC, 670 F.Supp.3d 349, 363 (W.D.Va.

---

[5] Because this basis of recovery does not require that the claimant be disabled, the Court will evaluate this claim separately from Jackson's other ADA claims. See Rhoads v. Fed. Deposit Ins. Corp., 257 F.3d 373, 391 (4th Cir. 2001).

2023) (citing Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998)). In establishing oppositional conduct, a plaintiff is not required to prove that the conduct he opposed was an actual ADA violation; rather, he must show he had a good faith belief that the conduct violated the ADA. Reynolds, 701 F.3d at 154.

Here, even assuming that Jackson was terminated in retaliation for contacting his supervisor to inform him of his work injury, Jackson cannot establish the first element essential to his retaliation claim—that he was engaged in protected conduct. In his Complaint, Jackson never alleges that he complained to his supervisor or anyone else about discriminatory practices at SGWS, nor does he allege that he requested accommodations. Rather the Complaint and the EEOC records suggest that Jackson contacted his supervisor merely to inform him about his fall and subsequent injury. (See Compl. at 6). The Complaint only states that when he spoke to his supervisor, his supervisor "never ask[ed] [him] for medical att[ention]. [H]e hung up the phone and later that day he wanted [his] key badge and told [the] night manager [he] was discharged." (Id. at 6). Jackson does not allege any facts showing that he requested accommodations, opposed unlawful practices, or otherwise engaged in an activity protected by the ADA. His allegations are clearly insufficient to support an ADA claim.

Jackson's EEOC Charge is similarly void of any facts to suggest he had a good faith belief that SGWS was engaged in conduct that violated the ADA. Jackson asserts that "[o]n or about December 22, 2023, [he] was instructed to walk up unsafe stairs, which resulted in [him] falling and injuring [him]self." (EEOC Charge at 1). That same day he was

discharged from his job. (Id.). Jackson alleges he was let go "because [he] texted another driver, thanking him for assistance with [his] injury." (Id.). As SGWS correctly notes, thanking another employee for their assistance with an injury fails to amount to protected conduct under the ADA. (Mot. at 10); see Moss, 670 F.Supp.3d at 363–64. Because there is no indication that Jackson complained of discriminatory conduct or that he sought out accommodations in his text message to the other driver, (see generally EEOC Charge), Jackson's conduct does not amount to an opposition of an unlawful practice, nor does it constitute a protected activity under the ADA. Thus, Jackson's retaliation claim fails as a matter of law.

### III.  CONCLUSION

For the forgoing reasons, the Court will grant SGWS' Motion to Dismiss (ECF No. 6). A separate Order follows.

Entered this 26th day of September, 2024.

/s/
George L. Russell III
Chief United States District Judge
